# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TABITHA DENIECE BAKER,

          Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security Administration,

          Defendant.

Case No. 17-CV-24-FHM

## OPINION AND ORDER

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 21], is before the court. Counsel seeks approval of an attorney fee award of $10,270.15 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed she does not object to the requested fee award. [Dkt. 28-1]. the court is in receipt for the supplement to counsel's motion, [Dkt. 31], which the court ordered to clarify the amount of past due benefits.[1]

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Social Security disability case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25

---

[1] The calculations provided at page 4 of the supplement are especially helpful. The court has observed that the Commissioner's Notice of Award takes various forms, and while the Notice sometimes provides a figure for the total amount of the past due benefit award, other times it does not. The court further observes that the amount withheld by the Commissioner for payment of fees is not always 25% of the past due amount. Where, as here, the full amount of past due benefits is not obvious on the face of the Notice, counsel should provide the court calculations as were provided here in fulfilling the responsibility of demonstrating the reasonableness of the fee request.

percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id*. at n.17.

Plaintiff and counsel entered into a contract, [Dkt. 27-1], which is a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits.

The undersigned concludes that the requested fee award of $10,270.15 which is approximately 22% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the contract between counsel and Plaintiff and

2

is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $475 per hour for 21.6 hours of attorney time for work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. And finally, when the amount of the EAJA fee award, $4757.40, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is an out-of-pocket payment from Plaintiff of $5,512.75 which is about 12 percent of her past due benefits.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 21], is GRANTED as follows:

Counsel is awarded $10,270.15 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. The Commissioner is directed to release fees withheld up to $10,270.15 from the funds being withheld by the Commissioner for 406(b) attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $4,757.40 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 7th day of March, 2019.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE